# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2980
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Rhy Broussard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 17, 2023
Filed: November 28, 2023
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Aaron Broussard operated a website on which he once advertised 4-Fluoroamphetamine, a drug similar to the prescription medicine Adderall. Broussard received numerous orders for the Adderall analogue. But instead of shipping his customers the drug they ordered, he sent them fentanyl, a potent narcotic. As a result, eleven people died, and several others were seriously injured.

Police investigated, and a grand jury indicted Broussard on numerous drug offenses. Broussard, representing himself, filed several motions *in limine*. One of his motions sought exclusion of all evidence "presented to invoke sentiment by expressing how the deaths or injuries of the alleged victims influenced personal experiences." He argued that such testimony would be "without probative value," "completely irrelevant," "unfairly prejudicial[,] and ultimately a waste of time."

In response, the Government stated its intention to introduce "a single photograph" of each victim and call "a family member to establish that, prior to [each] victim's death, the victim was a vibrant and healthy human being." The district court[1] denied Broussard's blanket motion "without prejudice." The district court believed that "this limited evidence" was "likely" admissible but nonetheless clarified that Broussard remained "free to object" during the trial.

Broussard eventually permitted stand-by counsel to represent him. Counsel asked the district court to clarify its prior ruling on Broussard's motion *in limine*. The district court explained that, though it had denied the blanket motion, it would allow counsel to object if he viewed the evidence to be "unduly prejudicial."

The case proceeded to trial. The Government introduced photographs of the victims and called witnesses to testify about various aspects of the victims' lives. In responding to the Government's open-ended questions, the witnesses offered biographical information about each victim, often telling detailed personal stories and lauding each victim's accomplishments. The Government referred to this evidence in its opening and closing arguments. Broussard's attorney did not object at trial to the introduction or use of this evidence.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

The jury found Broussard guilty on all counts, and the district court sentenced Broussard to life in prison. He appeals, arguing that the district court erred in allowing the Government to introduce evidence about the victims' lives.

We normally review a district court's evidentiary rulings for an abuse of discretion. *See United States v. Sherman*, 81 F.4th 800, 808 (8th Cir. 2023). However, if the defendant fails to preserve an evidentiary issue for appeal, we review for plain error. *See United States v. Young*, 753 F.3d 757, 776 & n.5 (8th Cir. 2014).

Though motions *in limine* sometimes preserve evidentiary issues for appeal, they do so only when the district court "definitively" rules on them. *See* Fed. R. Evid. 103(b). Such a motion does not suffice "when the district court reserves its ruling [on the motion] or otherwise indicates that the ruling is provisional . . . ." *Young*, 753 F.3d at 775 (citing Advisory Committee's Notes to 2000 Amendment of Fed. R. Evid. 103). To be definitive, the ruling must "not invite reconsideration." *Id.* Put differently, "a district court's invitation to re-raise evidentiary challenges renders its ruling non-definitive." *Id.*

Here, the district court's ruling was not definitive. In a written order, the district court found that the evidence "likely falls within the purview of admissible evidence," denied Broussard's motion *in limine* without prejudice, and stated that "Broussard is free to object if he believes the evidence is unnecessarily prejudicial." Then, the court invited Broussard's lawyer "to object" if the evidence was "in [his] view unduly prejudicial." The district court's tentative language and its invitations to re-raise the issue rendered the pre-trial ruling not definitive. *Id.*

At trial, Broussard's counsel did not object to the evidence. As a result, we review for plain error. *See id.* at 776 & n.5; Fed. R. Crim. P. 52(b). To prevail under this standard, Broussard must show that "(1) there was an error that was not affirmatively waived, (2) the error was clear and obvious, (3) the error affects substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Young*, 753 F.3d at 776.

Assuming error occurred, it was neither clear nor obvious. The challenged evidence was arguably relevant to show that the victims were unlikely to have knowingly sought fentanyl or to have obtained it from some other source. *See* Fed. R. Evid. 401. It was also relevant to show that the victims were in good health, making it less likely that they died from some cause other than a fentanyl overdose. And taking into account the evidence's arguable relevance, its introduction was not obviously unfairly prejudicial. *See* Fed. R. Evid. 403; *United States v. Paul*, 217 F.3d 989, 1002-03 (8th Cir. 2000) (citing Fed. R. Evid. 403 and holding that the district court did not plainly err in admitting testimony about the murdered victim's personal life).

If this were not enough, Broussard also fails to show that admission of the evidence affected his substantial rights. The evidence against him was overwhelming, and he does not claim a reasonable probability that, but for the introduction of the challenged evidence, he would not have been found guilty. *See United States v. Lindsey*, 702 F.3d 1092, 1100-01 (8th Cir. 2013) (explaining that a defendant's substantial rights are not violated by a plainly erroneous evidentiary ruling when there exists overwhelming evidence of guilt). Broussard's appeal fails for this reason as well.

Accordingly, we affirm Broussard's conviction.[2]

_____

_____

[2]We strike the *pro se* supplemental brief. *See United States v. Benson*, 686 F.3d 498, 504-05 (8th Cir. 2012) ("It is Eighth Circuit policy not to address issues raised by a defendant in pro se filings with this Court when he is represented by counsel."). We likewise deny Broussard's *pro se* motion for release pending appeal.

We grant Broussard's motion to correct the record on appeal. We deny the motion to seal, as the materials were admitted in open court.